STATE OF LOUISIANA

VERSUS

SHECOREY YOUNG, ET AL.

NO. 24-K-489

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 13, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 16-5624

---

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT GRANTED**

The State seeks a supervisory review of the trial court's severing of the defendant Shecorey Young from his co-defendants. For the following reasons, we grant this writ application.

Procedural Background

On May 4, 2017, Shecorey Young ("Young"), Rashaud Robinson ("Robinson"), and Demetrius Williams ("Williams") were jointly indicted for Second Degree Murder, Attempted Second Degree Murder, and related crimes. The defendants pled not guilty. The State initially tried Robinson separately, with that trial resulting in a hung jury. *See State v. Robinson*, 23-270 (La. App. 5 Cir. 6/23/23), 368 So.3d 730, 731, *writ denied*, 23-971 (La. 11/15/23), 373 So.3d 74. The State filed a notice to try defendants jointly. On July 9, 2024, the case against all three defendants proceeded to trial, and on July 11, 2024, the trial court declared a mistrial.

24-K-489

On August 2, 2024, the State filed a memorandum responding to the defendants' motions to sever. In that memorandum, the State addressed Robinson's motion to sever, Young's *Bruton* invocation, and Robinson's motion in limine. On that same date, the court held a pretrial hearing and discussed the admissibility of jail calls evidence and motions to sever. The trial court did not make any rulings.

At the September 26, 2024 hearing, the trial judge severed the defendant Young from his co-defendants. This writ application followed.

Discussion

In its writ application, the State argues that the trial court erred in severing defendant Young from his co-defendants. It further contends that Young did not carry his heavy burden of showing specific prejudice to override the presumption that jointly indicted defendants should be tried together under La. C.Cr.P. art. 704. The State asserts that Young's "*Bruton* issue" stemming from his complaint about the playing of incriminating jail calls at trial is without merit, given that *Bruton* does not apply to non-testimonial statements such as jail calls. It further contends that Young also does not show that he and his co-defendants have antagonistic defenses, the primary basis for showing entitlement to severance.

At the September 26, 2024 hearing, the prosecutor maintained that there was no *Bruton* issue because jail calls were not *Bruton*. Additionally, he argued that the jail calls were linked to all three defendants so that there was no prejudice, and therefore, severance was not warranted.

The trial judge severed Young from his co-defendants, stating in pertinent part:

> Well, I've wrestled with it. I've looked at it. I disagree as it applies to Mr. Young. I believe that Mr. Young should be severed out. I'll note your objection to that. I've listened to the jail calls. I was only able to get through maybe close to two-thirds of the calls. I've got to be honest with you, I don't understand half of it. I'll try to

finish it; but it's very tedious to have to replay it, listen to it, replay it to understand what's going on[.]

The trial judge subsequently said he was not ruling on the jail call recordings because he had not finished listening to them. Therefore, the trial court did not introduce the jail calls into evidence.

There is scant evidence to support the trial court's grant of the motion to sever. The trial court ruled on the motion to sever prematurely because it had not ruled, and still has not ruled, on the admissibility of the jail calls.[1] For this reason, we grant this writ application and remand for a ruling on the admissibility of the jail calls. The transcript of this hearing indicates that the State has not identified the exact portions of the jail calls it intends to introduce and that the trial judge cannot understand a large portion of the calls. For this reason, we order the state to provide the trial court with the redacted audio and a certified transcription of the specific portions of the calls it seeks to introduce so that the trial judge can adequately rule on the admissibility of the calls. Once the admissibility of the jail calls is determined, Young can re-urge his motion to sever.

Conclusion

For the preceding reasons, we are granting this writ application and vacating the grant of the motion to sever.

Gretna, Louisiana, this 13th day of January, 2025.

**JJM**

---

[1] As pointed out by the dissent, the trial judge has broad discretion in determining whether to grant a motion to sever. However, the dissent overlooks the fact that in this case, the trial judge ruled on the motion to sever without considering all of the evidence, i.e., the jail calls.

STATE OF LOUISIANA

VERSUS

SHECOREY YOUNG, ET AL.

NO. 24-K-489

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WICKER, J., CONCURS WITH REASONS**

I concur with the writer's conclusion, but write separately, first to emphasize that we are not reversing the trial court's decision to sever defendant's trial from his co-defendants'. Rather, we find only that the trial court must complete its review of the recorded jail house calls before ruling upon the defendant's motion to sever. Therefore, we have vacated the trial court's judgment to sever defendant's trial, to be again addressed by the trial court upon completion of its review process. Given the trial court's stated difficulty hearing the audio recording of the recorded phone calls, we have also ordered the State to provide the trial court with written transcripts of all of the jail house calls it intends to introduce at trial either in its case in chief or rebuttal case, or on cross examination of any defense witnesses who may testify in order to aid and assist the trial court in its review of the audio tapes. We have also ordered the State to clearly identify to the court and to opposing counsel any calls that it intends to introduce at trial.

However, I also write separately to emphasize that I disagree with the writer's statement that "there is scant evidence to support the trial court's grant of the motion to sever." Further, I agree entirely with the dissenter's recitation of the trial court's history with this case, as well as the dissenter's discussion of both the applicable law and the trial court's discretion to grant a severance "when the court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance." La. C.Cr.P. art. 704.

24-K-489

This defendant has been tried twice, with the first trial ending in a hung jury and the second, joint trial (with Messrs. Robinson and Williams) ending in a mistrial when the state tried to introduce tapes of jail house among Defendants Williams, Robinson and Robinson's brother, who was incarcerated at Angola. Young was not a party to those calls. Those calls also apparently do not relate to the crime for which the defendants are on trial and apparently do not refer to Young at all.

The trial court is more than familiar with this case and opined that Young's case should be severed from the trial of the other two defendants, as has been discussed in the thoughtful and well-reasoned dissent. While I agree with the dissenter's reasoning that the trial court is vested with great discretion in this matter and did not lightly grant the severance, I continue to hold the opinion that the trial court must first complete his review of the tapes of the calls before ruling on the severance motion. Because we were not provided with any tapes or transcripts of the jail house calls, we do not have sufficient evidence before us to determine whether the severance was warranted. Should this Court be called upon in the future to opine on any matters relating to the tapes of the jail house calls, whether on application for supervisory writs or on appeal, the relevant filing should include written transcripts of each of the jail house calls that the State intends to introduce at trial as well as the audio recordings themselves.

**FHW**

STATE OF LOUISIANA

VERSUS

SHECOREY YOUNG, ET AL.

NO. 24-K-489

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


**WINDHORST, J., DISSENTS WITH REASONS**

I respectfully dissent. Considering the record in this criminal case, the trial court's history with this case, and the trial court's vast discretion, I would deny this writ application.

La. C.Cr.P. art. 704 provides that trial of jointly indicted defendants may be severed when the state elects to try them separately, or "***when the court***, on motion of the defendant, and after contradictory hearing with the district attorney, ***is satisfied that justice requires a severance***." [Emphasis added.] Defendant Shecorey Young so moved, the trial court conducted a contradictory hearing with the district attorney, and the trial judge concluded that justice requires severance.

Whether "justice requires a severance" must be determined by the facts of each case. State v. Prudholm, 446 So.2d 729, 741 (La. 1984); State v. Condley, 04-1349 (La. App. 5 Cir. 5/31/05), 904 So.2d 881, 890, writ denied, 05-1760 (La. 2/10/06), 924 So.2d 163. Louisiana jurisprudence clearly indicates that a trial judge's determination of whether to grant or deny severance rests in his sound discretion, and this court will not reverse his ruling absent clear abuse. Id. The trial court is vested with broad discretion in determining whether to grant a motion to sever, and its determination should be upheld in the absence of an abuse of that discretion. State v. Serigne, 16-1034 (La. 12/6/17), 232 So.3d 1227, 1231.

The trial judge in this case has presided over these cases for over seven years, including a hung jury, and a second mistrial ordered well into the trial, upon his

24-K-489

finding that the trial of defendants jointly had become unjust. After the rigors of picking a jury for three co-defendants charged with serious felonies—involving 72 peremptory challenges—and after opening statements and much evidence and examination, trial courts do not grant mistrials for insignificant reasons. Against the backdrop of this extensive experience, the trial judge made it clear that he believes that "justice requires a severance" in this case. The trial judge further stated that by granting the severance, he was not making a ruling on admissibility of the telephone calls. Thus, he had reasons in addition to the <u>Bruton</u> concerns arising from possible admission of the phone recordings.

The existence or non-existence of a <u>Bruton</u> issue among co-defendants is only one of innumerable reasons for which a trial court could find that justice requires severance. Regardless of the trial judge's ultimate decision on admissibility of the phone calls, he had plenty enough before him and through the history of the case to soundly conclude that justice requires granting Young's motion for severance.

Great deference in these matters is given to the trial judge's discretion. In the absence of an abuse of that discretion, we should not interfere with the trial judge's finding that justice requires severance here. This writ should be denied.

**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/13/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-489**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
C. Gary Wainwright (Respondent)          Thomas J. Butler (Relator)
                                         Darren A. Allemand (Relator)

### MAILED

Honorable Paul D. Connick, Jr. (Relator)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053